IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

FILED SEP 03 2015
Clerk, U.S. District Court
District Of Montana
Missoula

| | |
|---|---|
| DARREN J. PEPIN,<br><br>Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration,<br><br>Defendant. | CV 14–211–M–DLC–JCL<br><br>ORDER |

United States Magistrate Judge Jeremiah C. Lynch entered his Findings and Recommendation on April 10, 2015, recommending that Plaintiff's motion for summary judgment be denied, and that the Commissioner's decision be affirmed. Plaintiff did not timely object to the Findings and Recommendation, and so has waived the right to *de novo* review of the record. 28 U.S.C. § 636(b)(1). This Court will review the Findings and Recommendation for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000). There is no clear error in Judge Lynch's Findings and

1

Recommendations and the Court adopts them in full. Because the parties are familiar with the facts of this case they will only be included here as necessary to explain the Court's order.

Judge Lynch did not clearly err in finding that the Administrative Law Judge ("ALJ") provided sufficiently clear and convincing reasons for finding Pepin's testimony only partially credible. The ALJ relied on a number of different medical records containing considerable evidence of malingering behavior, lack of medical evidence supporting the existence or severity of Pepin's alleged symptoms, and Pepin's noncompliance with treatment recommendations. Further, the ALJ found that Pepin's daily activities showed he was capable of more physical activity than he alleged.

There is no clear error in Judge Lynch's finding that the ALJ did not improperly disregard Dr. Walter's medical records or fail to give enough weight to Dr. Peterson's opinion. Dr. Walter did not see Pepin after his alleged onset date. The ALJ cited to Dr. Walter's notes, and addressed the fact that Pepin frequented the emergency room with complaints of fatigue and insomnia. Judge Lynch did not clearly err in finding that even if the ALJ erred in not addressing Dr. Walter's treatment notes directly, any error was harmless. Similarly, any potential error on the ALJ's part in not specifically noting Dr. Peterson's recommendations of

medication and therapy was harmless given the ample evidence showing that Pepin consistently disregarded his health care providers' recommendations.

Judge Lynch did not clearly err in finding that the ALJ provided germane reasons for rejecting the records from other sources, namely licensed clinical social worker Joe Uhl and Advanced Practice Registered Nurse Suzanne Lockwood. Uhl's notes show, if anything, only that Pepin refused much of the treatment he was offered. The ALJ properly credited Dr. Webber's opinion over Lockwood's, and even then, accommodated for Pepin's mental impairments.

There is no clear error in Judge Lynch's finding that the ALJ did not fail to fully develop the record as to Pepin's alleged chronic fatigue syndrome. Pepin has never been diagnosed with chronic fatigue syndrome and raises this argument for the first time in his reply brief. Pepin has not presented any evidence showing why admitting his high school records would be relevant to his disability claim. Judge Lynch did not err in finding that Pepin has also not presented any evidence showing the ALJ's ability to render a fair judgment was impaired.

There is no clear error in Judge Lynch's finding that the ALJ's decision not to reopen Pepin's prior application did not violate his due process rights. Pepin did not show that he lacked the mental capacity to consent to the decision. Further, medical records show that Pepin did not appear to have a clear cognitive

3

deficit.

There being no clear error in Judge Lynch's Findings and Recommendation,

IT IS ORDERED that Judge Lynch's Findings and Recommendation (Doc. 19) are ADOPTED IN FULL. Plaintiff's motion for summary judgment (Doc. 13) is DENIED. The Commissioner's decision is AFFIRMED.

Dated this 3rd day of September, 2015.

Dana L. Christensen, Chief Judge
United States District Court

4